JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | EDCV 15-1444 JGB (KKx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Rylor Properties Inc., et al. v. Delia M. Jimenez* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** Minute Order REMANDING Action to California Superior Court for the County of San Bernardino (IN CHAMBERS)

### I. BACKGROUND

On June 9, 2015, Plaintiffs Rylor Properties Inc. and Proper T View Inc., ("Plaintiffs") filed a complaint for unlawful detainer ("UD") and money damages ("Complaint") against Defendant Delia M. Jimenez ("Defendant" or "Jimenez") in California Superior Court for the County of San Bernardino. ("Complaint," Doc. No. 1 at 24-25.) On June 16, 2015, Jimenez removed the action to this Court. (EDCV 15-1171 JGB (KKx), Doc. No. 1.) Because the Court lacked subject matter jurisdiction over the UD case, the Court, on its own motion, remanded the action to California Superior Court. (EDCV 15-1171 JGB (KKx), Doc. No. 6.) Nevertheless, on July 20, 2015, Jimenez again removed the case to federal court. ("Not. of Removal," Doc. No. 1.)

### II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own

jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

Jimenez again purports to remove this case on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (Not. of Removal at 1.) As explained in the Court's previous order, for removal to be proper on the basis of federal question jurisdiction, a defendant must show that the plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

The face of Plaintiff's Complaint continues to reveal only a claim for unlawful detainer, (Complaint at 1-2), which is a California state law action, see Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)). Further, Plaintiffs' right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiffs will likely be entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served upon Defendant as required by California Code of Civil Procedure § 1161a. See Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (Cal. Ct. App. 1977).

Jimenez argues that federal question jurisdiction exists because of Jimenez's asserted defenses to Plaintiffs' claim and claims that Jimenez purports to have against Plaintiffs. (Not. of Removal at 3-14.) For example, Jimenez asserts that the Court has jurisdiction over "common law claims [for] negligent misrepresentation, fraud, and aiding and abetting fraud pursuant to th[e] Court's supplemental jurisdiction." (Id. at 3.) Those arguments, however, are not sufficient to demonstrate that the Complaint raises a federal question. Accordingly, because of the absence of a federal claim or substantial question of federal law, Jimenez has not shown that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In passing, Jimenez also asserts that "diversity of citizenship exists between parties in the complaint and otherwise concerned with this case." (No. of Removal at 5.) Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). Jimenez does not make any attempt to establish that the amount in controversy is satisfied and does not allege the citizenship of Plaintiffs. the amount in controversy does not appear to exceed $75,000; the Complaint stated that it was for "UNDER $10,000" and that

"Plaintiff waives all damages in excess of $25,000." (Complaint at 2.) Moreover, the requested damages are only for $65.75 per day since June 9, 2015. (Id.) Therefore, Defendant has failed to demonstrate that the action falls within the Court's diversity jurisdiction.

In sum, this Court lacks jurisdiction over this unlawful detainer action, and thus removal was not appropriate.

### IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

The Court cautions Defendant Jimenez that if she removes this identical unlawful detainer action to federal court again without alleging a proper basis for jurisdiction, the Court may issue sanctions. See, e.g., Quantum Servicing Corp. v. Castaneda, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); SD Coastline v. Reyes, No. 10cv1824 LAB (AJB), 2010 WL 4009557, at *1 (S.D. Cal. Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions."). These sanctions may include a declaration that Jimenez is a vexatious litigant and therefore may no longer file actions in this Court without written authorization from a judge. L.R. 83-8.

For the reasons stated above, the Court REMANDS this action to the Superior Court of California for the County of San Bernardino.

**IT IS SO ORDERED.**